```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
RICHARD LEONCINI,                   :
                                    :
         Plaintiff,                 :   Civ. No. 16-5533(NLH)
    v.                              :   OPINION
                                    :
SOUTH WOODS STATE PRISON, et al.,   :
                                    :
         Defendants.                :
_____ :

APPEARANCES:
Richard Leoncini
964578/556035a
South Woods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Richard Leoncini ("Plaintiff") seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 1-1), the Court will grant him leave to proceed in forma pauperis. See 28 U.S.C. § 1915. For the reasons set forth below, the Court will dismiss the Complaint without prejudice in part, and with prejudice in part, for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants South Woods State Prison, New Jersey Department of Corrections and Sergeant Dilks. The

following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On an unspecified date while incarcerated at South Woods State Prison, Plaintiff alleges that Sergeant Dilks "made several derogatory remark[s] and hand jester [sic] about my gender and was telling other inmates [Plaintiff] was gay. (Compl. ¶ 6.) Sergeant Dilks then "filed a false complaint because in his mind he thinks [Plaintiff is] gay." (Id.) Plaintiff is seeking injunctive relief and unspecified monetary damages. (Compl. ¶ 7.)

II. DISCUSSION

A. Legal Standard

1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

2

who is immune from such relief.  This action is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To survive sua sponte screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678).  Moreover, while pro se pleadings are liberally construed, "pro se litigants still must

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

B. Analysis

At the outset, the claims against South Woods State Prison and the New Jersey Department of Corrections must be dismissed with prejudice because neither are "persons" within the meaning of 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Grabow v. S. State Corr. Facility, 726

4

F. Supp. 537, 538-39 (D.N.J. 1989) (state department of corrections and state prisons are not "persons" under § 1983).

With regard to his claims against Sergeant Dilks, Plaintiff alleges that the sergeant verbally harassed him. However, "allegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983." Brown v. Hamilton Twp. Police Dep't Mercer Cty., N.J., 547 F. App'x 96, 97 (3d Cir. 2013) (citing McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997)). Here, Plaintiff has not made any allegations of injury or damage and, therefore, this claim will be dismissed.[2]

Plaintiff also alleges that Defendant Dilks "filed a false complaint because in his mind he thinks [Plaintiff is] gay." Plaintiff does not provide any context to this statement. Specifically, it is unclear what type of "complaint" was filed; what were the circumstances surrounding the complaint; whether Plaintiff received any punishment as a result of this "false complaint," etc. In short, Plaintiff falls well below the pleading requirements under Iqbal and this claim must be dismissed.[3]  See Iqbal, 556 U.S. at 678.

---

[2] Plaintiff's request for a Temporary Restraining Order against Sergeant Dilks because he continues to make sexual comments towards Plaintiff (ECF No. 3), is likewise denied.

[3] To the extent it is relevant to Plaintiff's intended claim, the Court notes that "[t]he filing of false disciplinary charges

5

III. CONCLUSION

    For the foregoing reasons, the claims against South Woods State Prison and the Department of Corrections will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. The claims against Defendant Dilks will be dismissed without prejudice.  Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[4] An appropriate Order follows.


Dated: November 21, 2016        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges." Crosby v. Piazza, 465 F. App'x 168, 172 (3d Cir. 2012) (citing Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002) and Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986).  See also Mimms v. U.N.I.C.O.R., 386 F. App'x 32, 36 (3d Cir. 2010) (the "filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges").

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.

6